UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 14-314(7) (PAM)

          Plaintiff,

v.                                                                                            **ORDER**

Jason Ortega,

          Defendant.
_____

This matter is before the Court on Defendant Jason Ortega's Motion for Compassionate Release under the First Step Act. Ortega asserts that he has underlying health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release. For the following reasons, the Court grants the motion.

## BACKGROUND

In December 2014, Ortega pled guilty to his role in a conspiracy to distribute methamphetamine. The Court sentenced Ortega to 120 months' imprisonment, to be followed by 5 years of supervised release. (Docket No. 790.) With credit for good time, Ortega is scheduled for release in April 2022 and has served more nearly 70 percent of his sentence. He is currently incarcerated at the Federal Prison Camp in Yankton, South Dakota ("FPC-Yankton").

## DISCUSSION

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). Such reasons include a terminal illness,

"a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). Ortega suffers from Type 2 diabetes.

Ortega submitted a request for release to the Warden of FPC-Yankton in May 2020. The Warden declined Ortega's request on May 13, 2020. Ortega has established compliance with the First Step Act's exhaustion requirements. 18 U.S.C. § 3582(c)(1)(A).

Recent guidance from the Centers for Disease Control (CDC) make clear that those suffering from diabetes are at increased risk of severe complications from COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 28, 2020). However, there are no cases of COVID-19 at FPC-Yankton. Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited July 28, 2020). Ortega's health constitutes an "extraordinary and compelling reason" for the Court's reconsideration of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

The Court then considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence. Ortega was a relatively minor participant in the charged drug conspiracy, and he accepted responsibility early in the case and pled guilty. The sentencing court deemed him appropriate for a significant downward departure, reflecting that Court's belief that a lower punishment was appropriate. Since his incarceration, he

has received his GED and has participated in the rigorous RDAP drug-abuse the BOP offers.

Although Ortega's offense was serious, there was no indication that he was involved in any violence during the conspiracy. As he argues, he has the support of his parents and long-term girlfriend, and he has strong community ties. Contrary to the Government's assertion, the Court does not believe that Ortega poses a danger to the community. Rather, Ortega's criminal past was a result of his addiction, and he has addressed that addiction in the BOP's intensive substance-abuse program. The Government argues that Ortega would not be considered for compassionate release but for the current pandemic, but that contention is irrelevant. It is because of the pandemic that Ortega has sought compassionate release, and the Government does not dispute that Ortega's health condition puts him at risk of serious complications from COVID-19. The § 3553(a) factors warrant a reduction in Ortega's sentence to time served.

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Id. § 3582(c)(1)(A). The Probation Office has approved Ortega's proposed release plan, and the Court will likewise approve that plan, subject to the terms and conditions of Ortega's original term of supervision.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Ortega's Motion for Compassionate Release (Docket No. 511) is **GRANTED**;

2. Ortega's sentence of 120 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

3. Ortega shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the Judgment (Docket No. 284)

4. The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for Ortega's release.

Dated: July 28, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge